Mr. Justice Wylie
delivered the opinion of the court:
This was a proceeding before a magistrate, under the landlord and tenant law to get possession of property, and an application was made by the party in possession for a certiorari to remove the proceedings before the magistrate into this court. The writ was allowed, as appears by endorsement thereon at chambers. Afterward, the magistrate having sent up the record, a rule was taken upon the petitioner in 'the proceedings to show cause at the special term why the certiorari should not be quashed. The case came before me under that notice, and I was of opinion that the court, sitting in equity, had no jurisdiction to pass upon the case, but that it might be heard before me as at chambers. Counsel on both sides were heard in that way, and the writ of certiorari was quashed.
At that time no technical objection seems to have been •made as to the right of the judge at chambers to decide such a case, But an appeal has been taken from that order; and *377 this point having been argued here, we will now dispose of it.
Under the nineteenth general rule, “motions or applications for special remedial writs, such as writs of quo warranto, mandamus, certiorari, supersedeas, &c., shall be heard by the Circuit or Criminal Court, or before one of the justices at chambers, or in special term; but not until a petition, verified by affidavit and stating the grounds of the application, has been filed and docketed. But the justice to whom the application is made may order it to be heard in the general term in the first instance. Motions to quash, set aside, or dissolve any of said writs may be heard in the same manner ;” that is, before either of these courts, or before the judge at chambers.
It was contended that this rule violates the provision of the organic law which declares that all non-enumerated motions in a case shall be heard in court after notice. If this motion to quash a certiorari be one of these non-enumerated motions, and the cause pending in court, our rule would violate that provision of the statute. But we are not of that opinion. The statute applies to actions or suits between man and man pending in court. Now, the certiorari is not one of those suits referred to in the statute; and upon this subject I will read one or two extracts from the Maryland law, as laid down in Evans’s Practice, beginning at page 383, chapter 15 of prerogative writs:
“ Our attention has hitherto been occupied in considering the course of proceedings in actions between man and man. But a work on the practice of the common law would be defective if it did not include something beyond this. Actions are the ordinary proceedings by which redress is sought in the case of ordinary injuries. But there are some extraordinary cases in which persons having or claiming some degree of public authority attempt to extend or abuse it to the injury of their fellow-citizens. In such cases, if the party were left to his remedy by action, the redress he could obtain would be frequently very insufficient. The law, therefore, inter *378 poses during the transaction to prevent or put a stop to the unlawful proceeding. Several remedies of this nature have been invented, which have received the generic name of prerogative writs, probably because they -were all issued only by those higher courts which were more emphatically the king’s, and were considered as in some degree the exercise of a ben- ■ eficial and useful prerogative of the crown. Of these writs, three still remain in familiar use among us: certiorari, habeas corpus, and mandamus.”
And then, after treating the history of the subject pretty much at large, at page 886, this work proceeds: “ If the certiorari be to remove proceedings by justices of the peace, under the act of 1793, chapter 43, entitled ‘An act to provide a summary mode of recovering the possession of lands and tenements, holden by the tenants for years, or at will after the expiration of their terms, or if it be in case of an inquest for a forcible entry and detainer, or a forcible entry, the writ cannot issue until a bond has been given.’ ‘ The party obtaining such writ of certiorari shall give bond, with security, to the opposed party, to be approved by the judge or court allowing such writ, in such penalty as such judge or court shall direct, conditioned for the payment of all costs and damages that may be incurred or suffered by the delay of the proceedings, if the matters in controversy upon such writ shall be decided against the person obtaining the same.’ ”
Now, though the act of 1793 has been superseded by our act of Congress on the subject, yet in regard to the process of certiorari I think there has been no change.
Then, at page 387, the author says: “The petition, affidavit, and bond being prepared, application must be made to one of the judges of the court, who, either in or out of court, may, in his discretion, approve the bond and order the clerk to issue the certiorari.”
So that this writ can be issued either by the judge in court or the judge out of court; and as it is one of this class of writs not properly between man and man, but between the government, as it were, on the one side, and the party on the other *379 side, it is a prerogative removal of the proceeding; and if a judge have power to issue a writ, he ought to have power to quash it. If the point contended for be correct, then a mandamus or the writ of habeas corpus would be liable to the same objection. The mandamus having issued and being made returnable before the judge, he could not quash it, and so as to the habeas corpus. For these considerations we think that the rule of the court is not inconsistent with the provisions of the organic law.
The court affirms the judgment below.